FROM: JOHN KEVIN OAKES #1422439
RAMSEY UNIT
1100 F.M. 655
ROSHARON, TEXAS 77583

TO: ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS OF TEXAS
P.O.BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

August 22, 2015

RE: Trial Court Case # C-372-010395-0955781-A
WR-83,716-01

83,716-01

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 28 2015
Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 02 2015
Abel Acosta, Clerk

Dear Mr. Acosta :

I am in receipt of notice that my Writ of Habeas Corpus has been
filed in the Court of Criminal Appeals as of August 10, 2015. I
am, therefore resubmitting this "Response and Order" paperwork for
consideration by the Court, as it reviews my case. The Writ No. is
listed above with the case. Thank you for your assistance with the
submission of this document into the court record.

Respectfully,

JOHN KEVIN OAKES

CAUSE NO. C-372-010395-0955781-A

EX PARTE § IN THE 372ND JUDICIAL

§

§ DISTRICT COURT OF

§

JOHN KEVIN OAKES § TARRANT COUNTY, TEXAS

APPLICANT'S RESPONSE TO STATE'S REPLY TO PETITION
FOR WRIT OF HABEAS CORPUS

COMES NOW, John Kevin Oakes, pro se Applicant in the above styled and numbered cause, making objection to the State's general denial of the specific Constitutional grounds put forth in the instant application for writ of habeas corpus.

For Procedural History and Statement of Facts, See Application Memorandum. In the State's Reply the initial list of Grounds for Relief conviently excludes any recognition of the fact that each ground specifies in the dicta that it is of Constitutional dimension and for a denial of such rights. Further, each ground is fully supported by facts from the trial record. See Application - grounds for relief #1, 2 & 6. Traditionally, habeas corpus is available only to review jurisdictional defects, or denials of fundamental or constitutional rights. Ex parte Banks, 769 S.W.2d 539, 540 (Tex.Crim.App. 1989). This constitutional rights element is the issue making these grounds fully cognizable for review on writ of habeas corpus. Especially ground #6, which is the "Actual Innocence" claim based on newly discovered evidence. See Ex parte Elizondo, 947 S.W.2d 202 (Tex.Crim.App.1996); and See Ex parte Robbins, 360 S.W.3d 446, 458 (Tex.Crim.App.2011); Schlup [v. Delo, 513 U.S. 298 (1995)]. All of these facts were denied or omitted by the State in its reply, a further act of constitutional rights denial to the extraordinary writ authority of the Court in this applicant's constitutional right, to the power of the writ of habeas corpus, to right the legal wrongs that have been done him and his family by the State in this wrongful denial of redress opportunity. Moreover, the State would insist that the applicant has no constitutional right to testify in his own behalf, at the very trial in which he has taken the stand to defend himself. Is every defendant on the stand at trial considered pro se representation? "...the accused in a criminal case has a Constitutional right to testify in his own behalf, in his own words, to give his version of events." See Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 2709, 97 L.Ed.2d 37; V.A. Texas Const. Art. I § 10.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 25 2015

Abel Acosta, Clerk

Continuing, the <u>State's Reply</u> next mischaracterizes the applicant's grounds for relief #3, 4 & 5, which are claims for the denial of the Constitutional right to Effective Assestance of Counsel. Applicant would ask the Court to make notice of the fully supported grounds, through the facts in the trial record, which does, make these claims fully cognizable in a writ of habeas corpus, due to the denial of Constitutional right to the same. <u>Ex parte Banks</u>, 769 S.W.2d 539, 540 (Tex. Crim.App.1989). Thus, the grounds above should not only habe been designated for future resolution by the trial court, like all of the claims in the instant application these, as well, should be recommended for relief on their merits. <u>See</u> Application – grounds for relief #3, 4 & 5. <u>See</u> Application Memorandum for argument and citations.

Applicant submitted all of the above grounds for relief, #1, 2, 3, 4, 5 & 6, with the application for the writ of habeas corpus with full supporting facts from the trial record and memorandum of arguments and legal citations, outlining the Constitutional rights violations claims, all competent and cognizable for writ of habeas corpus, there is no procedural default, claim of hybrid representation, or other reason for denial, because of these objections to the <u>State's Reply</u>, these grounds, as well as, grounds #7, 8 & 9, encompassing the entire instant application and all grounds for relief, the court should recommend the applicant be given habeas corpus relief.

WHEREFORE, PREMISES CONSIDERED, the Applicant prays that the Court acknowledge the Constitutional rights denials as claimed in the writ application grounds for relief, especially those already designated for future resolution, the applicant's effective assistance of trial counsel and suppression of evidence grounds for relief. The Applicant further prays that the Court recommend that the applicant's "actual innocence" and remaining grounds be granted relief and review on their merits.

Respectfully submitted,

JOHN KEVIN OAKES, PRO SE APPLICANT
TDCJ-ID #01422439
Ramsey Unit
1100 FM 655
Rosharon, TX 77583-7670

## CERTIFICATE OF SERVICE

A true copy of the above response has been mailed to the Criminal District Attorney, Sharen Wilson, 401 W. Belknap St., Fort Worth, Texas, 76196-0201, on this the 23rd day of March, 2015.

John Kevin Oakes, TDCJ #1422439

CAUSE NO. C-372-010395-0955781-A

| EX PARTE | § | IN THE 372ND JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| JOHN KEVIN OAKES | § | TARRANT COUNTY, TEXAS |

## MEMORANDUM

1. The applicant has submitted grounds for relief, that are supported by facts in the trial record, and are claims of denial of Constitutional rights and therefore are cognizable in a writ of habeas corpus. The Court recommends that relief be granted on these grounds.

2. The applicant's ground for relief due to "actual innocence" based on newly discovered evidence is cognizable on writ of habeas corpus. The Court recommends this ground for relief be granted.

3. The Court acknowledges that the applicant's effective assistance of trial counsel and suppression of evidence grounds for relief are Constitutional rights denials claims, and recommends relief be granted on these grounds

## ORDER

1. The Court acknowledges that the instant application contains grounds for relief based on the denial of the applicant's Constitutional rights, and recommends that relief be granted.

2. The post-conviction writ clerk shall furnish a copy of this order to:

    a.  The Criminal District Attorney, Sharen Wilson, 401 W. Belknap St., Fort Worth, Texas 76196-0201.

    b.  The Texas Court of Criminal Appeals, P.O. Box 12308, Austin, Texas 78711; and

    c.  The applicant, Mr. John Kevin Oakes, TDCJ-ID #01422439, Ramsey Unit, 1100 FM 655, Rosharon, Texas 77583.


SIGNED AND ENTERED this _____day of _____,2015.


_____
JUDGE PRESIDING